IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LICKERISH, LTD., an England private limited company;<br><br>Plaintiff,<br><br>v.<br><br>BLASTRO, INC., a Texas corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. 1:18-cv-105<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGMENT;<br><br>2. VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>Jury Trial Demanded</u> |

**PLAINTIFF'S ORIGINAL COMPLAINT**

LICKERISH, LTD., by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**I.     JURISDICTION AND VENUE**

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**II.     PARTIES**

4.     Plaintiff LICKERISH, LTD ("LICKERISH") is a private limited company registered in England, with its primary place of business located at 4a, Tileyard Studios, Tileyard Rd, London N7 9AH, UK. LICKERISH is a premier photographic syndication company that provides images of models and celebrities created by internationally renowned photographers to

communication and media businesses. LICKERISH exclusively administers the infringed copyright rights at issue in this action.

5. Plaintiff is informed and believes and thereon alleges that Defendant BLASTRO, INC. ("BLASTRO") is a corporation organized and existing under the laws of the state of Texas, with its primary place of business located at 5205 Airport Blvd., Suite 200, Austin, Texas 78751. BLASTRO may be served with summons on its registered agent, Fletcher Lee, 609 West 18th Street, Ste #C, Austin, Texas 78701.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

//

### III.   CAUSES OF ACTION

### Count One – For Copyright Infringement – Against All Defendants

8.   NIGEL ERIC WILLIAMS ("NIGEL"), an individual residing in California, is a renowned professional fashion and celebrity photographer whose clients have included, among others, international editions of Maxim.

9.   NIGEL owns an original photograph ("Subject Photograph A") that was registered with the United States Copyright Office on June 25, 2012, a true and correct reproduction of which is below:



10. NIGEL also owns an original photograph ("Subject Photograph B") that was registered with the United States Copyright Office on June 26, 2012, a true and correct reproduction of which is below:



11. For all times relevant to this action, NIGEL has appointed LICKERISH as his exclusive administrator and publisher of all copyright rights in and to Subject Photographs A and B (collectively "Subject Photographs"). As such, LICKERISH is entitled to institute and maintain this action for copyright infringement. 17 U.S.C. §501(b).

12. Plaintiff is informed and believes and thereon alleges that following the publication and display of Subject Photographs, BLASTRO, DOE Defendants, and each of them

used the Subject Photographs without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as: http://www.blastro.com/.

13. A screen capture of one of said uses is set forth hereinbelow:



14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through Plaintiff's website and social media accounts or viewing the Subject Photographs on a third-party websites (e.g., Tumblr, Pintrest, etc.).

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images of the Subject Photographs, and exploited said images in multiple website posts without Plaintiff's authorization or consent.

16. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

17. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Photographs in an amount to be established at trial.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual knowledge or reckless disregard of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## Count Two – For Violations of the Digital Millennium Copyright Act
## 17 U.S.C. §1202 et seq. – Against all Defendants, and Each

19. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this complaint.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202 *et seq.* by intentionally altering Plaintiff's attribution and copyright management information from the Subject Photographs and/or adding a false attribution designating BLASTRO as an owner and/or source of the Subject Photographs.

21. Plaintiff is informed and believes that Defendants may also have removed other rights management information in the metadata of the Subject Photographs.

22. Defendants, and each of them, altered the attribution and copyright management information and distributed the stripped copies with knowledge that the copyright management information had been altered without authority of the Plaintiff or the law, and distributed and publicly displayed the infringing copies knowing that the copyright management information had been altered without authority of the copyright owner or the law, and knowing, or, with respect

to civil remedies under § 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights.

23.     The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties, including in the form of Plaintiff's costs and attorneys' fees.

24.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties. Specifically, Plaintiff is informed and believes and thereon alleges that Defendants knowingly and intentionally removed Plaintiff's rights management information and added an indicia that they owned or controlled the Subject Photographs and continued to display and distribute the Subject Photographs in that state.

## IV.   JURY DEMAND

25.     Plaintiff demands a jury trial on all issues so triable pursuant to FED. R. CIV. P. 38 and the 7th Amendment to the United States Constitution.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from directly or indirectly infringing in any manner any of Plaintiff's copyrights or other exclusive rights (whether now in existence or hereafter created) in Subject Photographs;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final

    judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded damages for Defendants' violations of 17 U.S.C. § 1202, including all available damages under 17 U.S.C. § 1203;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated:  February 5, 2018        Respectfully Submitted,

                                      By:   /s/ Robert Cherry
                                                Robert Cherry, Esq.
                                                State Bar No. 24103780
                                                **DONIGER /BURROUGHS**
                                                306 E Brenham Street
                                                Elgin, Texas 78621
                                                Telephone: (512) 856-4319
                                                Email: robert@rcesq.com

                                                *Attorney for Plaintiff*